UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Crim. No.: 4:17-cr-469-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lance Hardiman, Justin Pressley, | ) | |
| and Rodrick Berklery, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Lance Hardiman's [ECF No. 150] motion to dismiss counts four and five (now counts three and four of the superseding indictment). Defendant Justin Pressley has also joined in the motion. The government filed a response on September 6, 2018. On October 22, 2018, Defendant Hardiman file a reply. The Court heard argument from the parties on October 23, 2018, following a pretrial conference. For the reasons set forth below, the Court denies Defendants' motion to dismiss.

**Background**

Generally, the government argues and alleges that on May 4, 2016, three individuals armed with handguns robbed the South State Bank at 606 Main Street in North Myrtle Beach, South Carolina. While in the bank, two of the individuals fired their handguns into the ceiling and into the wall. The bank robbers fled in a silver 2001 Chevy Impala bearing a stolen Wisconsin license plate, No. 737-SMW. During the attempted flight from the scene, which consisted of a high speed chase through commercial, tourist, and residential areas, the bank robbers fired multiple weapons at law enforcement vehicles, passing cars, and occupied houses. The individual in the passenger seat of the Chevy Impala fired numerous rounds with a handgun, while the individual in the back seat shot out the back window and fired an AK-47 type weapon with a 30 round magazine at pursuing law

enforcement officers. The chase ended when the driver of the Impala lost control and ran into a ditch where the car got stuck. The individuals abandoned the car and ran together into the woods. Defendants Lance Hardiman, Justin Pressley, and Rodrick Berklery were each found in or around the wooded area over the course of the next twelve or so hours.

Defendants were indicted on May 23, 2017. A superseding indictment was filed on September 18, 2018. Count one of the superseding indictment alleges armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and 2. Count two alleges that Defendants used a firearm during and in relation to a crime of violence, the armed bank robbery alleged in count one, *when the firearm was discharged inside the bank* in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. Count three alleges witness tampering based on shooting at pursuing law enforcement officers during the flight from the bank robbery in violation of 18 U.S.C. §§ 1512(a)(2)(C) and 2. Count four alleges that Defendants used a firearm during and in relation to a crime of violence, the armed bank robbery alleged in count one and the witness tampering/obstruction of justice alleged in count three, *when the firearm was discharged shooting at police officers* in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. Count five alleges that Defendants Hardiman and Pressley possessed a firearm and ammunition after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) and 2. Count six alleges that Defendants possessed a firearm that had an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 2. Count seven alleges that Defendant Hardiman possessed a firearm after having been convicted of a felony; however, the government has indicated that it intends to dismiss count seven.

**Discussion**

As noted above, the government has charged Defendants with armed bank robbery (count

one) and witness tampering (count three). The witness tampering charge is based on Defendants' alleged shooting at pursuing police officers during their attempt to flee the bank robbery.

The government has also charged Defendants with two separate 924(c) charges. Count two is a § 924(c) charge predicated on count one (armed bank robbery) and involves the use of a firearm <u>inside the bank</u>. Count four is a § 924(c) charge predicated on count one (armed bank robbery) and count three (witness tampering/obstruction of justice) and involves the use of a firearm during the flight from the bank robbery when Defendants allegedly <u>fired at pursuing police officers outside the bank</u>.

Defendants argue that because the offense of bank robbery includes any hot pursuit thereafter, there is only one unit of prosecution, supporting only a single count of bank robbery and a single § 924(c) count. Defendants contend that because there is only one unit of prosecution, counts three (witness tampering) and four (§ 924(c)) must be dismissed as multiplicitous.

An indictment is multiplicitous when it charges a single offense in multiple counts. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). The danger in multiplicitous indictments is that the defendant can be subjected to multiple sentences for the same offense in violation of the double jeopardy clause. *Burns*, 990 F.2d at 1438. However, it has long been held that a defendant may be tried, convicted and sentenced for two separate offenses, even though he committed a single act. *See, e.g., Albernaz v. United States*, 450 U.S. 333, 344–45 n. 3, 101 S.Ct. 1137, 1145 n. 3, 67 L.Ed.2d 275 (1981) ("It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause.").

Absent clearly contrary legislative intent, " 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are

3

two offenses or only one, is whether each provision requires proof of a fact which the other does not.' " *United States v. Allen*, 13 F.3d 105, 108 (4th Cir.1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). In other words, the question is whether each of the offenses requires proof of a different element. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182 ("Each of the offenses created requires proof of a different element."). "The Supreme Court has steadfastly adhered to the *Blockburger* analysis when determining whether the legislature intended to authorize multiple punishments for a particular act." *Allen*, 13 F.3d at 108 (citing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).

The armed bank robbery and witness tampering charged in counts one and three of the superseding indictment are separate offenses because armed bank robbery requires proof of different elements than witness tampering. Armed bank robbery under § 2113(d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016). The elements of witness tampering under 18 U.S.C. § 1512(a)(2)(C) are: (1) the accused used or threatened the use of physical force against any person; and (2) the accused did so with the intent to hinder, delay, or prevent the communication of information relating to a federal offense to a law enforcement officer. *Cf. United States v. Harris*, 498 F.3d 278, 284 n. 4 (4th Cir.2007) (noting that § 1512(b)(3) and § 1512(a)(2)(C) share an identical mens rea element); *United States v. Barbeito*, No. 2:09–cr–00222, 2010 WL 2243878, *43 (S.D.W.V. June 3, 2010);

*United States v. Perry*, 335 F.3d 316, 320–21 (4th Cir.2003) (setting forth elements of § 1512(b)(3)). Applying the *Blockburger* analysis to section 2113(d) and section 1512(a)(2)(C), each provision clearly requires proof of a fact which the other does not.

It is evident that Congress intended to create two distinct, separate offenses with armed bank robbery and witness tampering. The fact that armed bank robbery may include the subsequent flight or escape from the bank robbery does not prevent the government from also charging a violation of the witness tampering statute for the same conduct. There is no double jeopardy violation because armed bank robbery and witness tampering require proof of different elements. The armed bank robbery charged in count one is not multiplictious with the witness tampering charged in count three.

Defendants also contend that even if bank robbery and witness tampering are separate offenses, the single use of a firearm during simultaneous offenses does not support more than one § 924(c) offense. The superseding indictment, however, clearly alleges two separate uses of a firearm. Section 924(c)(1) makes it a crime to use or carry a firearm during a crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1). Each separate "use" or "carriage" of a firearm during a crime of violence or drug trafficking crime constitutes a separate violation of the statute and is separately punishable. *United States v. Camps*, 32 F.3d 102, 107-8 (4th Cir. 1994). In this case, the § 924(c) charge alleged in count two involves the "use" of a firearm <u>inside</u> the bank. The § 924(c) charge alleged in count four involves the "use" of a firearm <u>outside</u> the bank when Defendants allegedly shot at pursuing police officers during the hot pursuit. Each § 924(c) charge alleges a separate, distinct use of a firearm during a crime of violence. Because the two § 924(c) counts in the superseding indictment allege two separate uses of a firearm, the two separate § 924(c) counts are

permissible.

Finally,[1] and in the alternative, Defendants argue the Court must strike from count four the reference to count one (the armed bank robbery) as a basis for § 924(c) liability. The basis for this argument appears to be that count two already alleges a § 924(c) charge predicated on the armed bank robbery. However, the relevant unit of prosecution for purposes of a § 924(c) prosecution is not the underlying predicate offense; the relevant unit of prosecution is the use or carry of a firearm during the commission of or in relation to the predicate offense. *See Camps*, 32 F.3d at 108. Thus, "[a] defendant who has 'used' or 'carried' a firearm on several separate occasions during the course of a single continuing offense" has committed several § 924(c)(1) offenses. *Id*. at 107. Simply put, multiple § 924(c) convictions can arise out of the events of a single predicate offense. *United States v. Lighty*, 616 F.3d 321, 370-71 (4th Cir. 2010). "Multiple consecutive sentences under § 924(c)(1) are appropriate *whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts relate to a single predicate offense.*" *Lighty*, 616 F.3d at 371. The allegation in count four relates to the separate use of the firearm outside the bank at pursuing police officers. Because counts two and four allege separate, distinct "uses" of a firearm during a crime of violence, the counts are not multiplicitous and the indictment does not violate the double jeopardy clause. It does not matter that the separate uses are tied to a single predicate offense. Therefore, the Court need not strike from count four the reference to count one as a basis for § 924(c) liability.

**Conclusion**

---

[1] Defendants also assert an argument that the witness tampering offense in count three should be dismissed arguing Defendants did not have the requisite intent to commit that offense as a matter of law. During the brief hearing on this motion, defense counsel conceded that whether Defendants possessed the requisite intent was a jury issue.

6

For the reasons stated above, Defendants' [ECF No. 150] motion to dismiss counts four and five (now counts three and four of the superseding indictment) is **DENIED**.

IT IS SO ORDERED.

October 24, 2018　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge